| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>Ditech Financial LLC | Order Filed on January 16, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Christine C. Lenentine,<br><br>Debtor. | Case No.:  18-32093 ABA<br>Adv. No.:<br>Hearing Date:  1/9/19 @10:00 a.m.<br>Judge:  Andrew B. Altenburg Jr. |

## ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: January 16, 2019**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

Page 2
Debtor:     Christine C. Lenentine
Case No.:   18-32093 ABA
Caption:    **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Ditech Financial LLC, holder of a mortgage on real property located at 306 West Avenue, Pitman, NJ, 08071, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Jay S. Lowenthal, Esquire, attorney for Debtor, Christine C. Lenentine, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor shall obtain a loan modification by February 25, 2019, or as may be extended by an application to extend the loss mitigation period; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to make adequate protection payments in accordance with the terms of the Loss Mitigation Order while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee shall not make disbursements on Secured Creditor's claim while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to the pre-petition arrears or any post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is responsible for the difference between the adequate protection payment and the regular monthly payment for all months while the loan modification is pending if loss mitigation is unsuccessful; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if the loan modification is not successful, Debtor shall modify the plan to address Secured Creditor's pre-petition arrears, either by curing the arrears, selling the property, surrendering the subject property, or in a manner otherwise permitted by the code; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.